UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMION NEVILLS, JR., #847918,

    Petitioner,

v.                                        CASE NO. 17-CV-12464
                                          HONORABLE MARK A. GOLDSMITH

RANDALL HASS,

    Respondent.
_____/

**OPINION & ORDER
(1) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, (2) DENYING A
CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED IN
FORMA PAUPERIS ON APPEAL**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Damion Nevills, Jr. ("Petitioner") was convicted of two counts of first-degree criminal sexual assault ("CSC-1"), Mich. Comp. Laws § 750.520b(2)(b), following a jury trial in the Berrien County Circuit Court. He was sentenced as a second habitual offender, Mich. Comp. Laws § 769.10, to concurrent terms of 25 to 75 years imprisonment in 2015. In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence, the imposition of a fine, and the validity of his sentence. Respondent has filed an answer to the petition contending that it should be denied. For the reasons set forth, the Court concludes that Petitioner's claims lack merit and the petition must be denied. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

# I. BACKGROUND

Petitioner's convictions arise from his sexual assault of a 12-year-old girl, whom he met at a park, at his home in Benton Harbor, Michigan in July 2014. The Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> The 19–year–old defendant met the 12–year–old complainant at a park in Benton Harbor. The complainant testified that defendant invited her back to his house while defendant claimed she followed him. Although defendant insists nothing happened between the two, the complainant painted a very different version of events. Specifically, the complainant accused defendant of using physical force to keep her in the house when she tried to leave, pushing her head down to force her to perform fellatio, and penetrating her vagina with his penis without consent.
>
> Eventually, the mother of complainant's friend found her at defendant's home. Various witnesses asserted that complainant did not appear upset and seemed fine at the time. The complainant waited three days to tell her parents about the assault.
>
> Nurse Mindy O'Brien conducted a post-sexual assault medical examination on complainant. The complainant reported to O'Brien that defendant had "pulled off her pants" and stuck his penis into her vagina, describing this as extremely painful. The complainant further asserted that defendant had put his penis in her mouth and touched her right neck and breast. O'Brien testified that while the complainant cooperated and was polite during their discussion, she was embarrassed and scared about what had happened and expressed fear that she would get in trouble.
>
> O'Brien gave complainant a "head to toe" exam, looking for any injuries. O'Brien discovered circular bruises on the complainant's wrist, thigh, and arm, consistent with fingers. O'Brien also conducted a detailed genital exam. She noted "generalized redness in [the complainant's] vaginal area" when she "pulled back the labia." O'Brien's inspection of the complainant's hymen revealed two lacerations consistent with intercourse and "something being very forcefully jammed in there" at an angle "a lot of times."
>
> O'Brien was unable to date complainant's bruises or her genital injuries. Moreover, complainant told O'Brien that "she had showered, changed her clothes, bathed and washed." O'Brien found this and the 72 hours between the incident date and exam to be important because "showering, bathing, brushing your teeth" and time can "all affect evidence collection."
>
> Indeed, the forensic examiner was unable to find a presence of seminal fluid, saliva, and/or sperm cells after examining the physical evidence collected during the complainant's physical examination. He also noted that the DNA reference samples came back negative.

The jury credited complainant's testimony and convicted defendant as charged. People v. Nevills, No. 328463, 2016 WL 4212273, *1-2 (Mich. Ct. App. Aug. 9, 2016) (footnote omitted) (unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, raising the same claims presented on habeas review. The court ruled that the $ 100 fine was imposed without statutory authority and vacated that portion of the judgment, but denied relief on the other claims and otherwise affirmed Petitioner's convictions and sentences. Id. at *2-5. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. People v. Nevills, 893 N.W.2d 636 (Mich. 2017).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I. His convictions fail the sufficiency test and should be set aside.

II. The circuit court improperly assessed a $100 fine without statutory authority.

III. The Legislature's 25-year mandatory minimum, MCL 750.520b(2)(b), violates the separation of powers clause.

IV. The mandatory minimum, MCL 750.520b(2)(b), is cruel and unusual punishment in violation of the Michigan and Federal Constitutions.

Respondent has filed an answer to the petition contending that the claims lack merit.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that

was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-406 (2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-521 (citations omitted); see also Williams, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh, 521 U.S. at 333, n.7); Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

Harrington v. Richter, 562 U.S. 86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id.; see also White v. Woodall, 572 U.S. 415, 419-420 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. Woods v. Etherton, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam)); Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington, 562 U.S. at

100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. Parker v. Matthews, 567 U.S. 37, 48-49 (2012) (per curiam); see also Lopez v. Smith, 135 S. Ct. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

### III. DISCUSSION

**A. Sufficiency of the Evidence Claim**

Petitioner first asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his two CSC-1 convictions. Respondent contends that this claim lacks merit.

The Due Process Clause protects an accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). The question on a sufficiency of the evidence claim is

"whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Jackson standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." Brown v. Palmer, 441 F.3d 347, 351 (6th Cir. 2006) (quoting Jackson, 443 U.S. at 324 n.16).

Additionally, "it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from the evidence admitted at trial." Cavazos v. Smith, 565 U.S. 1, 2 (2011) (per curiam). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003) (citing Marshall v. Lonberger, 459 U.S. 422, 434 (1983)). Accordingly, the "mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." Matthews, 319 F.3d at 788-89.

Under Michigan law, the elements of CSC-1 relative to the charged offenses are that the defendant engaged in sexual penetration with another person, and that the other person was under 13 years of age. Mich. Comp. Laws § 750.520b(1)(a); People v. Hammons, 534 N.W.2d 183 (Mich. Ct. App. 1995). For the mandatory minimum sentence of 25 years imprisonment to be imposed, the defendant must be 17 years of age or older and the victim must be less than 13 years of age. Mich. Comp. Laws § 750.520b(2)(b). "Sexual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body. . . ." Mich. Comp. Laws § 750.520a(r). The prosecution must prove every element of a charged offense beyond a reasonable doubt. This burden includes proving that the defendant is the person who committed the crime. People v. Oliphant, 250 N.W.2d 443, 449 (Mich. 1976); People v. Kern, 149 N.W.2d 216, 218 (Mich. Ct. App. 1967). Direct or circumstantial evidence and

7

reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense, People v. Nowack, 614 N.W.2d 78, 81 (Mich. 2000); People v. Jolly, 502 N.W.2d 177, 180 (Mich. 1993); including identity, Kern, 149 N.W.2d at 218, and intent or state of mind. People v. Dumas, 563 N.W.2d 31, 34 (Mich. 1997); see also Nowack, 614 N.W.2d at 83.

Applying the Jackson standard and applicable state law, the Michigan Court of Appeals denied relief on this claim finding that the prosecution presented sufficient evidence to support Petitioner's convictions. The court explained in relevant part:

> First, the evidence supported that defendant was over the age of 17 and the complainant under the age of 13 at the time of the offense. Evidence also supported that a sexual penetration occurred. Complainant testified that defendant sexually penetrated her on two occasions: when he pushed complainant's head towards his penis and required her to perform oral sex on him, and when defendant took off complainant's leggings and "stuck" his unprotected penis into her vagina. A complainant's testimony standing alone can be sufficient to support a defendant's conviction. People v. Szalma, 487 Mich 708, 724; 790 NW2d 662 (2010); MCL 750.520h.
>
> The physical evidence also tended to support the complainant's claim that someone sexually assaulted her. O'Brien's physical examination revealed circular bruises on complainant's wrist, thigh and arm consistent with marks left by fingers. Additionally, O'Brien observed "general redness in [complainant's] vaginal area" when she "pulled back the labia," and two lacerations on the complainant's hymen. O'Brien testified that these tears are consistent with intercourse and "something being very forcefully jammed in there" at an angle "a lot of times."
>
> Although the evidence collection kit and DNA reference samples came back negative, O'Brien's and the forensic examiner's testimonies support that DNA recovery may have been affected by the passage of time between the assault and examination and by the complainant's acts of showering and using the toilet.
>
> Because the evidence supporting defendant's conviction of two counts of CSC–I is plentiful, it follows that the prosecution fulfilled its duty in proving defendant's guilt by legally sufficient evidence and beyond a reasonable doubt.

Nevills, 2016 WL 4212273 at *2-3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The victim's testimony established that she was 12 years old at the time of the incident in July 2014 and that Petitioner penetrated her mouth

and her vagina with his penis when they were together at his home. See 5/26/2015 Tr., Ex. 4 to Rule 5 Filing, at 95, 99-101 (Dkt. 9-4). The police testimony established that Petitioner was 19 years old at that time. Id. at 125. The testimony of a victim alone can be constitutionally sufficient to sustain a conviction. See Tucker v. Palmer, 541 F.3d 652, 658 (6th Cir. 2008) (citing cases). Moreover, the medical testimony indicated that the victim had injuries on her body consistent with her testimony that she was held down and sexually penetrated by Petitioner. 5/26/2015 Tr. at 166-176. The victim's testimony, the police testimony, and the medical testimony, when considered in a light favorable to the prosecution, established beyond a reasonable doubt that Petitioner committed two counts of CSC-1 upon the 12-year-old victim when he was 19 years old in July 2014.

Petitioner challenges the jury's evaluation of the victim's testimony and his own trial testimony and the other evidence presented at trial, as well as the inferences the jury drew from the evidence. However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts. Jackson, 443 U.S. at 326; Martin v. Mitchell, 280 F.3d 594, 618 (6th Cir. 2002); Walker v. Engle, 703 F.2d 959, 969-970 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). The jury's verdict, and the Michigan Court of Appeals' decision affirming that verdict, were reasonable. The evidence presented at trial, viewed in a light favorable to the prosecution, established Petitioner's guilt of the charged offenses beyond a reasonable doubt. Habeas relief is not warranted on this claim.

**B.      Imposition of Fine Claim**

Petitioner next asserts that he is entitled to habeas relief because the state trial court erred in imposing a $100 fine. Respondent contends that this claim is not cognizable upon habeas

review and that it is moot because the Michigan Court of Appeals granted relief on the claim and vacated the fine. The Michigan Court of Appeals did, in fact, grant relief on this claim and vacated the $100 fine. Nevills, 2016 WL 4212273, at *3.

Petitioner's challenge to the state trial court's imposition of a fine is not a cognizable claim upon federal habeas review. See United States v. Watroba, 56 F.3d 28, 29 (6th Cir. 1995) (monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement of 28 U.S.C. § 2255); see also Michaels v. Hackel, 491 F. App'x 670, 671 (6th Cir. 2012) (rejecting argument that challenge to a state court-imposed fine is sufficient to render petitioners "in custody" for purposes of district court jurisdiction and citing cases); accord Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997) (ruling that continuing liability under a restitution order is similar to a "fine-only" conviction, and is not a serious restraint on liberty so as to warrant habeas relief and citing Tinder v. Paula, 725 F.2d 801, 805 (1st Cir. 1984)); Flores v. Hickman, 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008) (restitution order in California sentence could not be challenged under federal habeas statute because restitution does not affect duration of custody).

Moreover, the Michigan Court of Appeals' decision vacating the $100 fine renders this claim moot because there is no further relief for the Court to grant. See Ailor v. City of Maynardville, 368 F.3d 587, 596 (6th Cir. 2004) (when an event occurs which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal); accord Picron–Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991) (claim is moot when court no longer has power to grant requested relief); Johnson v. Riveland, 855 F.2d 1477, 1479-1480 (10th Cir. 1998). Habeas relief is not warranted on this claim.

**C. Sentencing Claims**

Petitioner also asserts that he is entitled to habeas relief because the trial court's imposition of mandatory 25-year minimum sentences violates the separation of powers clause under the

10

Michigan Constitution and constitutes cruel and unusual punishment under the Michigan and United States Constitutions. Respondent contends that these claims are not cognizable upon habeas review and/or that they lack merit.

A sentence imposed within the statutory limits is generally not subject to federal habeas review. Townsend v. Burke, 334 U.S. 736, 741 (1948); Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. Lucey v. Lavigne, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences of 25 to 75 years imprisonment (with 25-year mandatory minimums) are within the statutory maximum sentences of life imprisonment for CSC-1 and are authorized by state law. See Mich. Comp. Laws § 750.520b(2)(b). Consequently, his sentences are insulated from habeas review absent a federal constitutional violation.

Petitioner assets that his mandatory 25-year minimum sentences violate the separation of powers clause of the Michigan Constitution and constitute cruel or unusual punishment under the Michigan Constitution. The Michigan Court of Appeals denied relief on both claims as a matter of state law. Nevills, 2016 WL 4212273, at *3-5.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. To warrant federal habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir.

2002). Petitioner's claim that the mandatory 25-year minimum sentencing provision violates the separation of powers between the legislative and judicial branches of the State of Michigan is not cognizable upon habeas review because the separation of powers between two branches of state government is a state law issue. See Austin v. Jackson, 213 F.3d 298, 302 (6th Cir. 2000) (citing Pulley v. Harris, 465 U.S. 27, 41 (1984)). Similarly, Petitioner's claim that his mandatory 25-year minimum sentences constitute cruel and unusual punishment under the Michigan Constitution is also not cognizable upon habeas review because it is a state law issue. See Thompson v. Gidley, No. 13-CV-15208, 2015 WL 3756141, *10 (E.D. Mich. June 16, 2015) (citing cases); Broadnax v. Rapelje, No. 2:08-CV-12158, 2010 WL 1880922, *3 (E.D. Mich. May 11, 2010); accord Johnson v. Palmer, No. 1:16-CV-675, 2016 WL 5859056, *5 (W.D. Mich. Oct. 7, 2016). Petitioner is not entitled to federal habeas relief based upon perceived violations of Michigan law.

Petitioner also asserts, however, that his mandatory 25-year minimum sentences constitute cruel and unusual punishment under the Eighth Amendment of the United States Constitution. The Michigan Court of Appeals denied relief on this claim based upon prior binding case law which determined that the mandatory 25-year minimum sentence is justified by the public policy against statutory rape. Nevills, 2016 WL 4212273, at *4-5.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. The United States Constitution does not require strict proportionality between a crime and its punishment. Harmelin v. Michigan, 501 U.S. 957, 965 (1991). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" Austin, 213 F.3d at 302 (internal citation omitted). As noted, Petitioner's sentences are within the statutory maximums of life imprisonment for his CSC-1 convictions. The state trial court thus acted within its discretion in

imposing Petitioner's sentences and there is no extreme disparity between his crimes and sentences so as to offend the Eighth Amendment.  See Land v. Rapelje, No. 14-CV-11683, 2014 WL 2779579, *3-4 (E.D. Mich. June 19, 2014) (denying habeas relief on same claim challenging the petitioner's mandatory 25-year minimum sentence for CSC-1).  Habeas relief is not warranted on these claims.

### IV.   CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims.  Accordingly, the Court denies and dismisses with prejudice the petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability ("COA") must issue.  See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  When a court denies relief on procedural grounds, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack, 528 U.S. at 484-85.

Having considered the matter, the Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims and that jurists of reason could not find the Court's procedural ruling on mootness debatable.  Accordingly, the

Court denies a COA. The Court also denies Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a).

IT IS SO ORDERED.

Dated: May 24, 2019                               s/Mark A. Goldsmith
   Detroit, Michigan                       MARK A. GOLDSMITH
                                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 24, 2019.

                                                               s/Karri Sandusky
                                                               Case Manager