UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMION NEVILLS, JR., #847918,

    Petitioner,

v.     CASE NO. 17-CV-12464
      HONORABLE MARK A. GOLDSMITH

RANDALL HASS,

    Respondent.
_____/

## ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY AND APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL (Dkt. 27) AND TRANSFERRING THE MATTER TO THE SIXTH CIRCUIT

This matter is before the Court on Petitioner's motion for a certificate of appealability and application to proceed in forma pauperis on appeal (Dkt. 27), concerning the Court's February 21, 2020 denial of his motion for relief from judgment (Dkt. 20). Since the February 21 denial, the Court has denied Petitioner's motion for an enlargement of time to file a notice of appeal (Dkt. 24), and the Court has denied his application to proceed in forma pauperis on appeal and transferred that request to the Sixth Circuit (Dkt. 26).

A certificate of appealability is necessary to appeal the denial of a Rule 60 motion. See Johnson v. Bell, 605 F.3d 333, 336 (6th Cir. 2010) (citing United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007)). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds

without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Id.

With Slack v. McDaniel in mind, courts in this district have adopted the following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

Missouri v. Birkett, No. 2:08–cv–11660, 2012 WL 882727, *2-3 (E.D. Mich. March 15, 2012); Carr v. Warren, 05–cv–73763, 2010 WL 2868421, *2 (E.D. Mich. July 21, 2010) (both citing Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001)). Petitioner is not entitled to a certificate of appealability, because he fails to show that jurists of reason would find it debatable that the Court abused its discretion in denying his motion for relief from judgment and he fails to show that his habeas petition states a valid claim of the denial of a constitutional right. Accordingly, the Court denies his motion for a certificate of appealability.

As noted, the Court has already denied Petitioner's application for leave to proceed in forma pauperis on appeal. Consequently, the Court construes Petitioner's current application as a request for reconsideration. See Jackson v. Crosby, 437 F.3d 1290, 1294 n.5 (11th Cir. 2006); Lyons v. Lafler, No. 2:10-CV-11386, 2013 WL 812083, *1 (E.D. Mich. March 5, 2013); Pettigrew v. Rapelje, No. 08-12530-BC, 2008 WL 4186271, *1 (E.D. Mich. Sept. 10, 2008). The Court finds no reason to reconsider its prior decision. A motion for reconsideration that presents issues

already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. Hence v. Smith, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); Czajkowski v. Tindall & Assoc., P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997). Such is the case here. Petitioner fails to meet his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof as required by Local Rule 7.1(h)(3). Accordingly, the Court denies the application to proceed in forma pauperis on appeal.

When a district court denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal, the proper procedure is for the habeas petitioner to file a motion for a certificate of appealability and/or an application for leave to proceed in forma pauperis on appeal with the appellate court. See Sims v. United States, 244 F.3d 509 (6th Cir. 2011) (citing Fed. R. App. P. 22(b)(1)). Accordingly, in the interests of justice, the Court transfers the motion for a certificate of appealability and application to proceed in forma pauperis on appeal (Dkt. 27), to the Sixth Circuit.[1]

SO ORDERED

Dated: November 9, 2020                s/Mark A. Goldsmith
     Detroit, Michigan                MARK A. GOLDSMITH
                                                          United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 9, 2020.

                                                          s/Karri Sandusky
                                                          Case Manager

---

[1] The Court notes that Petitioner filed a notice of appeal (Dkt. 28), at the time he filed the instant motion and application. The Sixth Circuit has dismissed that appeal (Dkt. 31).